UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WILLIE R. FEARS, JR.,<br><br>　　Defendant. | Criminal Action No. 02-379-2 (JDB) |

## MEMORANDUM OPINION

More than ten years ago, Willie Fears pleaded guilty to unlawful possession with intent to distribute cocaine base. Using the standard language of criminal judgment, this Court ordered Fears "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of" 151 months. Ex. A to Def.'s Mot. for Order of Civil Contempt, May 28, 2003 Judgment [ECF No. 90-1]. The Court recommended that Fears be incarcerated in a federal correctional institution in Maryland. Id.

In January 2010, however, Fears was apparently transferred to the Rivers Correctional Institution, a private prison in North Carolina. Rivers is owned by The GEO Group, Inc., a government contractor responsible for numerous facilities in the United States. See Locations, The GEO Group, Inc., http://www.geogroup.com/locations (last visited Sept. 17, 2014). Fears was displeased with his new situation, as private prisons and their employees—unlike officers at prisons run by the BOP—are generally not proper defendants for Bivens actions alleging constitutional violations. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63 (2001) (addressing liability of private prisons); see also Minneci v. Pollard, 132 S. Ct. 617, 623 (2012) (addressing liability of employees of private prisons).

Wishing to return to a federally operated prison, Fears filed [90] a motion for an order of civil contempt. Fears points out that the BOP has sometimes distanced itself from its contractors' actions. As an inmate in a private prison, he thus claims, he is no longer in the "custody" of the BOP—and so the BOP violated the Court's order committing him to their custody for imprisonment. See Def.'s Mot. for Order of Civil Contempt [ECF No. 90] at 3.

Since Fears filed this motion, however, he has been released from prison; hence, his claim is moot. "[A] federal court has no power to render advisory opinions or decide questions that cannot affect the rights of litigants in the case before them." Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997) (internal quotation marks and alterations omitted). Thus, "to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Chafin v. Chafin, 133 S.Ct. 1017, 1023 (2013) (emphasis added) (internal quotation marks and alteration omitted). Here, Fears requests only "that he be transferred into the custody of the Attorney General of the United States and be placed in a prison operated by the Bureau of Prisons." Def.'s Mot. at 5. Because Fears is no longer incarcerated, however, the Court cannot grant the relief he seeks—nor would he wish it. And because the Court cannot provide that remedy, his motion is moot.

Even were a remedy available, the Court would not grant it. "[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous, and the violation must be proved by clear and convincing evidence." Armstrong v. Exec. Office of the President, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (per curiam) (internal quotation marks and citation omitted). Congress has provided that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment," and "may designate any available penal or correctional facility that

meets minimum standards . . . , <u>whether maintained by the Federal government or otherwise</u>." 18 U.S.C. § 3621(b) (emphasis added). The statute thus gives the Attorney General and the BOP discretion to place inmates in private prisons run by government contractors. Reading this Court's judgment against the backdrop of the statutory scheme, then, does not show that the BOP clearly violated the Court's order. <u>See</u> <u>United States v. Claudio</u>, 499 F. App'x 865, 867–68 (11th Cir. 2012) (per curiam). Had the Court wished to depart from the scheme chosen by the other branches of government, it would have said so explicitly.

Hence, Fears's motion for an order of civil contempt will be denied. A separate order accompanies this memorandum.

Dated: September 19, 2014

/s/
JOHN D. BATES
United States District Judge